NOTICE
Decision filed 01/28/22. The
text of this decision may be
changed or corrected prior to
the filing of a Peti ion for
Rehearing or the disposition of
the same.

2022 IL App (5th) 120401-B

NO. 5-12-0401

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

_____

| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
|---|---|---|
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Perry County. |
| | ) | |
| v. | ) | No. 10-CF-82 |
| | ) | |
| JAMES GLAZIER, | ) | Honorable |
| | ) | James W. Campanella, |
| Defendant-Appellant. | ) | Judge, presiding. |

_____

JUSTICE CATES delivered the judgment of the court, with opinion.
Justices Welch and Wharton concurred in the judgment and opinion.

**OPINION**

¶ 1    Following a stipulated bench trial in the circuit court of Perry County, the defendant, James Glazier, was convicted of first degree murder. The defendant, who was 17 years old at the time of the offense, was sentenced to 60 years in prison. On appeal, the defendant challenged the sufficiency of the evidence to convict him of first degree murder and the constitutionality of the exclusive jurisdiction and automatic transfer provisions in the Juvenile Court Act of 1987 (705 ILCS 405/5-120, 5-130 (West 2010)). The defendant also claimed that his 60-year sentence was excessive and that his trial counsel was ineffective in that counsel agreed with the State's recommendation of a 60-year sentence and failed to present evidence in mitigation. Lastly, the defendant claimed that he should not be required to register as a sex offender because the trial court made no finding that the murder was sexually motivated.

1

¶ 2    This court affirmed the defendant's conviction and sentence and remanded the case to the trial court to determine whether the defendant should be required to register under the Sex Offender Registration Act (730 ILCS 150/1 *et seq.* (West 2010)). See *People v. Glazier*, 2015 IL App (5th) 120401. The defendant filed a petition for leave to appeal in the Illinois Supreme Court. The supreme court denied the defendant's petition but issued a supervisory order. Therein, the supreme court directed this court to vacate the judgment in *Glazier*, 2015 IL App (5th) 120401, to consider the effect of *People v. Buffer*, 2019 IL 122327, on the issue of whether the defendant's sentence constitutes an unconstitutional *de facto* life sentence in violation of the eighth amendment and *Miller v. Alabama*, 567 U.S. 460 (2012), and to determine if a different result is warranted. *People v. Glazier*, No. 119867 (Ill. Mar. 25, 2020) (supervisory order). In accordance with the supreme court's order, we vacated the judgment and have reconsidered the sentencing issue in light of *Buffer*. For reasons that follow, we affirm the defendant's conviction, vacate his sentence, and remand this case to the trial court for a new sentencing hearing.

¶ 3    Preliminarily, we note that, although the defendant raised several issues in his initial appeal, we have maintained our original holdings as to all issues except the constitutionality of the defendant's sentence, which we reconsider here. The details of the defendant's conviction and sentence were set forth in *Glazier*, 2015 IL App (5th) 120401. For context, we summarize the facts and procedural history that are relevant to the sentencing issue.

¶ 4    On July 30, 2010, the defendant, James Glazier, was charged with first degree murder in violation of section 9-1(a)(1) of the Criminal Code of 1961 (720 ILCS 5/9-1(a)(1) (West 2010)). At the time of the murder, the defendant was 17 years old, and the victim was 15 years old.

¶ 5    During a pretrial conference on July 30, 2012, the State filed a second amended information, containing one count of first degree murder. The amended information alleged that

on July 18 or 19, 2010, the defendant, without lawful justification and with the intent to kill, strangled the victim, Sidnee Stephens, thereby causing her death. The trial court informed the defendant that he could be sentenced to 20 to 60 years in prison. The trial court also admonished the defendant that he could be sentenced 60 to 100 years if he qualified for the extended term. The defendant then executed written waivers of his right to a preliminary hearing and a jury trial on the amended charge. The defendant also agreed to a stipulated bench trial.[1] Following the stipulated bench trial, the defendant was found guilty of first degree murder. The court ordered a presentence investigation and set the matter for a sentencing hearing.

¶ 6    The sentencing hearing was held on September 12, 2012. At the outset, the trial court noted that it had examined the presentence investigation report and the proceedings from the stipulated bench trial. The State informed the court that it had no evidence in aggravation and that the parties had a joint recommendation that the defendant receive a 60-year sentence. Defense counsel agreed and advised the court that the joint recommendation was based upon the fact that the defendant faced the possibility of an extended term. Defense counsel did not present any evidence in mitigation. The defendant did not make a statement to the court. The trial court then sentenced the defendant to 60 years in prison. The defendant did not file a motion to reconsider the sentence. On that same day, the defendant filed a notice of appeal.

¶ 7    The defendant's conviction and sentence were affirmed on appeal, but the case was remanded to the trial court to determine whether the defendant should be required to register as a sex offender.[2] See *Glazier*, 2015 IL App (5th) 120401. Thereafter, the supreme court denied the

---

[1]During an earlier proceeding, defendant's counsel had informed the court that the defense intended to proceed with a bench trial because the primary objective was to preserve for appeal the denial of a motion to suppress defendant's statements to police.

[2]Subsequently, the trial court found that the defendant would not be required to register as a sex offender, as there was no evidence that the murder was sexually motivated. The court also found that the defendant would be required to register under the Child Murderer and Violent Offender Against Youth

defendant's petition for leave to appeal and issued a supervisory order directing this court to consider the constitutionality of the defendant's sentence in light of *Buffer*. This court ordered the parties to prepare a supplemental briefing on the sentencing issue.

¶ 8    The defendant argued that the trial court failed to consider his youth and attendant characteristics during sentencing. The defendant pointed out that the parties appeared to have agreed to a 60-year sentence and, as a result, the trial court did not consider any evidence or make a finding that the defendant was incorrigible. The State filed a confession of error and conceded that the defendant is entitled to a new sentencing hearing where the court can consider evidence of the defendant's youth and attendant characteristics and determine whether a 60-year sentence is appropriate. The State claimed that, since the defendant was convicted of homicide, he must be sentenced according to the new sentencing statute (730 ILCS 5/5-4.5-105 (West 2016)).

¶ 9    In *Miller*, the United States Supreme Court held that imposing mandatory life without the possibility of parole on a juvenile offender without considering mitigating factors of youth, immaturity, and potential for rehabilitation violates the eighth amendment's prohibition on cruel and unusual punishments. *Miller*, 567 U.S. at 489. Subsequently, the Illinois Supreme Court held that a juvenile defendant's sentence is unconstitutional where (1) the defendant was subject to a life sentence, mandatory or discretionary, natural or *de facto*, and (2) the sentencing court failed to consider youth and its attendant characteristics in imposing the sentence. *Buffer*, 2019 IL 122327, ¶ 27. The supreme court determined that a prison sentence greater than 40 years, imposed on a juvenile offender, is a *de facto* life sentence in violation of the eighth amendment. *Buffer*, 2019 IL 122327, ¶ 41. The trial court may sentence a juvenile defendant to a discretionary, *de facto*

---

Registration Act (730 ILCS 154/1 *et seq.* (West 2010)), because the victim was under 18 years of age on the date of the offense.

life sentence, if the court determines that the juvenile's conduct showed "irretrievable depravity, permanent incorrigibility, or irreparable corruption beyond the possibility of rehabilitation." *People v. Holman*, 2017 IL 120655, ¶ 46. The court may make that determination only after considering the defendant's youth and its attendant characteristics. *Holman*, 2017 IL 120655, ¶ 46.

¶ 10    Here, the defendant was sentenced to a term of 60 years in prison, a *de facto* life sentence under *Buffer*. The sentence was imposed pursuant to a recommendation by the State that was unopposed by the defendant's counsel. There is no indication that the trial court considered the defendant's youth and attendant characteristics before imposing a 60-year sentence. See *Buffer*, 2019 IL 122327, ¶ 27; *Holman*, 2017 IL 120655, ¶ 46.

¶ 11    Pursuant to *Miller* and *Buffer*, we hereby vacate the defendant's sentence and remand the case to the trial court for a new sentencing hearing. On remand, the defendant is entitled to be sentenced under the juvenile sentencing scheme set forth in section 5-4.5-105 of the Unified Code of Corrections (730 ILCS 5/5-4.5-105 (West 2016)). See *Buffer*, 2019 IL 122327, ¶ 36.

¶ 12    For the reasons stated, we affirm the defendant's conviction, vacate his sentence, and remand this case for a new sentencing hearing.

¶ 13    Affirmed in part and vacated in part.

¶ 14    Cause remanded.

**No. 5-12-0401**

| | |
|---|---|
| **Cite as:** | *People v. Glazier*, 2022 IL App (5th) 120401-B |
| **Decision Under Review:** | Appeal from the Circuit Court of Perry County, No. 10-CF-82; the Hon. James W. Campanella, Judge, presiding. |
| **Attorneys for Appellant:** | James E. Chadd, Douglas R. Hoff, and Daniel T. Mallon, of State Appellate Defender's Office, of Chicago, for appellant. |
| **Attorneys for Appellee:** | David H. Searby Jr., State's Attorney, of Pinckneyville (Patrick Delfino, Patrick D. Daly, and Sharon Shanahan, of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People. |